**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>201 FOREST STREET, LLC and<br>219 FOREST STREET, LLC,<br><br>　　　　　Debtors. | )<br>)<br>)　Chapter 11<br>)　Case Nos.　　07-42296-MSH<br>)　　　　　　　　07-41768-MSH<br>)　Jointly Administered<br>)<br>) |
| 201 FOREST STREET, LLC,<br>201 FOREST STREET REALTY TRUST,<br>219 FOREST STREET, LLC and<br>219 FOREST STREET REALTY TRUST,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>LBM FINANCIAL LLC and<br>MARCELLO MALLEGNI,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Adversary Proceeding<br>)　No. 07-4097-MSH<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION TO APPROVE SETTLEMENT AGREEMENT BY AND AMONG**
**THE DEBTORS, LBM FINANCIAL, LLC AND MARCELLO MALLEGNI**

Pursuant to Federal Rule of Bankruptcy Procedure 9019, 219 Forest Street, LLC and 219 Forest Street, LLC (respectively, "201 Forest" and "219 Forest" and collectively the "Debtors") move this Court to approve a settlement agreement (the "Settlement Agreement") by and among 201 Forest, 219 Forest, LBM Financial LLC ("LBM") and Marcello Mallegni ("Mallegni" and together with LBM the "LBM Parties").  A copy of the Settlement Agreement is attached as Exhibit A.  In support of this motion, the Debtors aver as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2.     Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.     On May 9, 2007 and June 19, 2007, 219 Forest and 201 Forest, respectively, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Court").

4.     Both 219 Forest and 201 Forest continue to operate as a debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

### A.     The Adversary Proceeding.

5.     On July 6, 2007, the Debtors commenced an adversary proceeding (the "Adversary Proceeding") against the LBM Parties seeking, among other relief, a declaration as to the amounts due under the March Note[1] and the December Note (collectively the "Notes"), a declaration as to the enforceability of the default rate of interest under the Notes, a declaration as to the validity of 201 Forest's guaranty of the December Note, equitable subordination of LBM's claims against the Debtors, and damages, including punitive damages and attorneys' fees under General Laws Chapter 93A.

6.     On June 30, 2009, after trial, the Court issued the Memorandum of Decision.  Among other things, the Memorandum of Decision declared the default rate of interest under the Notes to be unenforceable as a penalty, reduced 219 Forest's obligations under the Notes to the outstanding principal plus interest at the non-default contract rate, awarded damages and punitive

---

[1] Capitalized terms not otherwise defined in this motion shall have the meanings ascribed to them in the Bankruptcy Court's Memorandum of Decision dated June 30, 2009 in the Adversary Proceeding (the "Memorandum of Decision")[Adv. Proc. Docket no. 185].

2

damages, plus attorneys' fees, to 219 Forest aggregating $2,206,337.65 before the assessment of interest, awarded to 201 Forest, damages, punitive damages, and attorneys' fees aggregating $657,374.25, and voided 201 Forest's guaranty of the December Note (the "201 Guaranty"). The Memorandum of Decision also subordinated LBM's claims to the claims of other unsecured creditors.

7.  On August 21, 2009, the Court entered judgment for the Debtors and against the LBM Parties, jointly and severally, in the aggregate sum of $2,863,711.80 (the "Judgment").

8.  The LBM Parties appealed the Judgment (the "Judgment Appeal") to the United States District Court for the District of Massachusetts (Civil Action No. 4-09-CV-40157-JLT).

9.  The United States District Court directed the Parties to mediation to be conducted before Magistrate Judge Bowler.

10. The parties have participated in multiple mediation sessions before Judge Bowler and, subject to the approval of the Court, have reached a settlement.

B.  **The Mortgage Discharge Action.**

11. On January 28, 2009, 201 Forest filed a *Motion by Debtor for Entry of an Order Discharging LBM Financial LLC's Mortgage* (the "Discharge Motion"). The Discharge Motion sought the discharge of the mortgage securing the 201 Guaranty.

12. On April 8, 2009, the Court allowed the Discharge Motion and entered an order discharging LBM's mortgage on 201 Forest's real property (the "Mortgage Discharge Order"). LBM appealed the Mortgage Discharge Order to the Bankruptcy Appellate Panel for the First Circuit (the "BAP").

13. On February 2, 2010, the BAP reversed the order allowing the Discharge Motion. 201 Forest filed an appeal of the BAP's decision to the United States Court of Appeals for the First Circuit (the "Discharge Appeal").

### REQUESTED RELIEF

14. In an effort to avoid the delays, costs, and risks inherent in the Judgment Appeal and the Discharge Appeal, the Debtors and the LBM Parties have negotiated a settlement of their disputes. The settlement is memorialized in the Settlement Agreement.

15. The terms of the Settlement Agreement include the following:[2]

a. The LBM Parties shall pay to Forest Street the aggregate sum of $950,000 in settlement of the Judgment.

b. Upon execution of the Settlement Agreement, the LBM Parties shall deliver to Hanify & King the sum of $950,000.

c. Upon the entry of a Final Order (as defined in the Settlement Agreement) approving the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to the Debtors, or upon the entry of a Final Order disallowing the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to the LBM Parties.

d. Upon the entry of a Final Order approving the Settlement Agreement, the LBM Parties shall dismiss the Judgment Appeal.

e. Upon the entry of a Final Order approving the Settlement Agreement, the Debtors shall dismiss the Discharge Appeal.

f. Upon the entry of a Final Order approving the Settlement Agreement, any claim the LBM Parties have against the Debtors shall be deemed withdrawn and released.

g. Upon the entry of a Final Order approving the Settlement Agreement, Mallegni shall be deemed to have conveyed and assigned to 219 Forest any interest he has, whether direct or indirect, in 219 Forest and/or cause WolfPen LLC to release or convey WolfPen's interest in 219 Forest to 219 Forest up to the amount of Mallegni's interest in WolfPen.

---

[2] The description of the Settlement Agreement contained in this motion is a summary only and is not meant as a substitute for the Settlement Agreement, which contains additional terms and conditions. The Settlement Agreement shall control to the extent it differs from the summary contained in this motion.

    h.    Upon entry of a Final Order approving the Settlement Agreement, LBM shall discharge any mortgages it holds on the property of Debtors.

16.    In addition to the resolution of the dispute between the LBM Parties and Forest Street, certain parties related to Forest Street have agreed to settle their claims with the LBM Parties and others. For disclosure purposes, those settlements are summarized as follows:

    a.    The LBM Parties shall release and discharge, or assign to a party designated by Robert Depietri, a second mortgage granted to them by Robert Depietri and Kimberly Depietri on certain real property known and numbered as 4 North Pond Road, Worcester ("Mortgage"), and, whether or not assigned, the LBM Parties shall release all of the obligations secured by the Mortgage;

    b.    Robert Depietri and Kimberly Depietri shall dismiss with prejudice all of their claims that are asserted or could have been asserted in a certain civil action pending in the United States District Court, District of Massachusetts captioned Fiorillo, et al. v. Massad, et al. (C.A. 07-40015-FDS);

    c.    Robert Depietri shall dismiss with prejudice a certain civil action pending in the Superior Court Department of the Trial Court County of Middlesex captioned LBM Financial, LLC v. Evergrass, Inc. *et al.* (MICV2007-3723); and

    d.    Robert Depietri, Kimberly Depietri and the LBM Parties will execute appropriate mutual releases, discharges and dismissals to carry out this Settlement.

## STANDARD FOR RELIEF

17.    Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the Court may approve a compromise or settlement." Local Rule 9019-1 also authorizes "settlement of any controversy that affects the estate." While the decision to approve a particular settlement lies within the sound discretion of the Court, courts generally give deference to the business judgment of the debtor-in-possession. *See In re Neshaminy Office Bldg. Assoc.*, 62 B.R. 798, 803 (E.D. Pa. 1986); *In re Resorts Int'l, Inc.*, 145 B.R. 412, 451 (Bankr. D.N.J. 1990).

5

18. The First Circuit Court of Appeals has described the test to be used by bankruptcy courts when called upon to consider compromises and settlements:

> A bankruptcy judge has the authority to approve a compromise of a claim pursuant to Bankruptcy Rule 9019(a). The ultimate issue on appeal is whether the bankruptcy court abused its discretion when it approved the compromise, which is a process requiring the bankruptcy court to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re GHR Cos.*, 50 B.R. 925, 931 (Bankr. D. Mass. 1985) (*quoting In re Boston & Providence R.R.*, 673 F.2d 11, 12 (1st Cir. 1982)). The specific factors which a bankruptcy court considers when making this determination include: (i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise. *In re Anolik*, 107 B.R. 427, 429 (D. Mass. 1989).

*Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995).

19. The Settlement Agreement meets the standard for approval of a compromise described in *Jeffrey v. Desmond*.

  A. **<u>Expense And Delay</u>**.

20. If the Settlement Agreement is not approved, the LBM Parties will likely pursue the Judgment Appeal through the First Circuit Court of Appeals. Such an appeal will be pending for two (2) to three (3) years, during which time the Debtors will be unable to bring closure to their Chapter 11 cases.

21. The Debtors' Chapter 11 cases have been pending for more than two (2) years. Although 201 Forest's operations are stable, operating in Chapter 11 is not beneficial to any business. Continuing to operate in Chapter 11 for an additional two (2) to three (3) years while the Judgment Appeal is resolved is not in the best interest of the Debtors, particularly given the risks of collection of the Judgment (described below).

22. The Settlement Agreement will permit the Debtors to recover a substantial portion of the damages they suffered as a result of the LBM Parties' misconduct.

23. The Settlement Agreement is, therefore, in the best interests of the Debtors' business operations.

B. **Difficulties in Collection.**

24. In connection with the Judgment Appeal, LBM provided financial information to the Debtors.

25. LBM's financial information indicates that its assets are primarily related to distressed real estate, the value of which is uncertain.

26. Based upon the information currently available to the Debtors, there is a risk that LBM will be unable to satisfy the Judgment and that LBM itself may be a candidate for a bankruptcy proceeding.

27. The Debtors have received information that Mallegni is also in financial distress. According to the material available to the Debtors, much of Mallegni's net worth is tied to LBM. Mallegni is a named defendant in various civil actions seeking damages for activities similar to those which this Court found to be wrongful. Mallegni's ability to satisfy the Judgment is, therefore, uncertain.

C. **Risk Associated With The Judgment Appeal.**

28. In the Judgment Appeal, the LBM Parties challenge both the factual and legal bases for the Judgment. The LBM Parties' primary issues regarding the Judgment include the following:

    a. The single largest component of the monetary award in the Judgment is the sum of approximately $1.5 million, which represents the trebling of default interest which had been charged on the Notes. This award is based on the violation of Massachusetts General Laws Chapter 93A. The LBM Parties challenged this

7

    portion of the monetary award on the basis that the default interest had not been paid by the Debtors. The LBM Parties have argued that because the Court disallowed the default rate of interest, the Debtors never became obligated to pay that interest and, therefore, the Debtors suffered no actual damages subject to trebling under Massachusetts General Laws Chapter 93A.

b.     The LBM Parties also assert that the trebling of payments that were misapplied with respect to the March Note was erroneous inasmuch as the underlying relief granted to the Debtors was equitable in nature, and the Debtors suffered no actual damages.

c.     In the Memorandum of Decision, the Court found that Mallegni and LBM misrepresented to 201 Forest that Commerce Bank was the holder of the Commerce Note and was demanding payment. The LBM Parties argue that 201 Forest failed to offer any evidence that, in executing the 201 Guaranty, 201 Forest had relied upon any statements by Mallegni or LBM regarding the status of the Commerce Note.

29.     The Debtors dispute the validity of the LBM Parties' issues with respect to the Judgment, and believe that facts and the law support the Judgment. The Debtors response to the LBM Parties' primary issues is as follows:

a.     With respect to the LBM Parties' challenge regarding the default interest, the facts are that 219 Forest made monthly payment in accordance with the terms of the Notes. These payments were first applied to default interest, then to principal. At least $375,000 of the amount paid to LBM was applied to default interest.

b.     With respect to the LBM Parties' contentions regarding the misapplication of the payments under the March Note, the Debtors rely on the fact that LBM applied over $700,000 of the proceeds of the sale of 219 Forest's real property to satisfy the March Note. The amount alleged to be owed under the March Note included the excess interest resulting from the misapplication of the payments.

c.     With respect to the LBM Parties' issue with the 201 Forest Guaranty, the Debtors rely on the extensive testimony regarding Mallegni's ability to exercise a veto power over 219 Forest's conduct arising from Mallegni's control of forty percent (40%) of the equity interests in 219 Forest.

30.     The Settlement Agreement will eliminate the risks attendant to adverse rulings in the Judgment Appeal and/or the Discharge Appeal.

### D. Interest of Creditors.

31. The Settlement Agreement will provide funds which the Debtors can use to fund their Chapter 11 plans of reorganization and pay the claims of their creditors.

32. The Settlement will allow 219 Forest and 201 Forest to confirm their Plans of Reorganization and successfully exit their bankruptcy proceedings. As such, the Settlement is in the interest of creditors.

### CONCLUSION

33. Accordingly, the proposed Settlement is well within the bounds of this Court's discretion to approve. *Jeffrey v. Desmond*, 70 F.3d at 185. The Debtors believe that the proposed Settlement is in the best interest of the estate and fair and reasonable.

WHEREFORE, the Debtors respectfully request that this Court approve the Settlement Agreement.

> **201 FOREST STREET LLC**
> **219 FOREST STREET LLC**
>
> By their Attorneys,
> Hanify & King, Professional Corporation
>
> */s/ Charles R. Bennett, Jr.*
> Charles R. Bennett, Jr. (BBO #037380)
> Hanify & King Professional Corporation
> One Beacon Street
> Boston, Massachusetts 02108
> (617) 423 0400
> (617) 423-0498 (facsimile)
> crb@hanify.com

Dated: June 23, 2010

::ODMA\PCDOCS\DOCS\551750\1