**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>201 FOREST STREET, LLC and<br>219 FOREST STREET, LLC,<br><br>          Debtors. | Chapter 11<br>Case Nos.   07-42296-MSH<br>                    07-41768-MSH<br>Jointly Administered |
| 201 FOREST STREET, LLC,<br>201 FOREST STREET REALTY TRUST,<br>219 FOREST STREET, LLC and<br>219 FOREST STREET REALTY TRUST,<br><br>          Plaintiffs,<br><br>v.<br><br>LBM FINANCIAL LLC and<br>MARCELLO MALLEGNI,<br><br>          Defendants. | Adversary Proceeding<br>No. 07-4097-MSH |

## SETTLEMENT AGREEMENT

Agreement made this _____ day of May, 2010, by and among 201 Forest Street, LLC, 219 Forest Street, LLC (respectively, "201 Forest", "219 Forest" and collectively "Forest Street") and LBM Financial LLC ("LBM") and Marcello Mallegni ("Mallegni") (LBM and Mallegni collectively "LBM Parties") to settle that certain Final Order entered in favor of Forest Street on August 21, 2009 (the "Judgment") in a certain adversary proceeding captioned *201 Forest Street, LLC and 219 Forest Street, LLC, et al. v. LBM Financial LLC and Marcello Mallegni* (Adversary Proceeding No. 07-4097) (the "Adversary Proceeding") along with other various claims and disputes among them. The parties hereby stipulate and agree as follows:

WHEREAS, on July 6, 2007, Forest Street commenced the Adversary Proceeding against the LBM Parties seeking, among other relief, a declaration as to the enforceability of the default rate of interest, the amounts due under certain promissory notes defined in the Adversary Proceeding as the March Note and the December Note executed by 219 Forest, the validity of the guaranty of 201 Forest Street as to the December 2001 Note, and damages, including punitive damages and attorneys' fees under General Laws Chapter 93A;

WHEREAS, on June 30, 2009, after trial, the United States Bankruptcy Court issued a Memorandum of Decision, which, among other things, declared the default rate of interest to be unenforceable as a penalty, reduced 219 Forest Street's obligations under the March and December Promissory Notes to principal plus interest at the non-default contract rate, awarded damages and punitive damages, plus attorneys' fees, to 219 Forest aggregating $2,206,337.65 before the assessment of interest, and awarded to 201 Forest Street, damages, punitive damages, and attorneys' fees aggregating $657,374.25 and voided the 201 Forest guaranty of the December Note. In addition, the Memorandum of Decision subordinated LBM's unsecured claim to the claims of other unsecured creditors;

WHEREAS, on August 21, 2009, a Final Order was entered in favor of 219 Forest and 201 Forest against the LBM Parties jointly and severally in the aggregate sum of $2,863,711.90 plus interest and costs;

WHEREAS, the LBM Parties duly appealed the Judgment to the United States District Court for the District of Massachusetts (Civil Action No. 4-09-CV-40157-JLT), and in connection with that appeal, sought a stay of the Judgment;

WHEREAS, on January 28, 2009, Forest Street filed a Motion for Entry of an Order Discharging LBM Financial LLC's Mortgage (the "Discharge Motion");

2

WHEREAS, on April 2, 2009, the United States Bankruptcy Court allowed the Discharge Motion, and LBM appealed the Order to the Bankruptcy Appellate Panel for the First Circuit ("BAP");

WHEREAS, on February 2, 2010, the BAP reversed the allowance of the Discharge Motion, and Forest Street timely appealed to the Court of Appeals for the First Circuit ("Discharge Appeal");

WHEREAS, the United States District Court directed the parties to mediation to be conducted before Magistrate Judge Bowler, and the Parties participated in multiple mediation sessions before Magistrate Judge Bowler; and

WHEREAS, Wolfpen LLC ("Wolfpen"), an affiliate of Mallegni, asserts it holds a forty (40%) percent interest in 219 Forest and Mallegni holds fifty (50%) percent of the membership interest in Wolfpen.

NOW, THEREFORE, in consideration of the foregoing and in order to resolve and settle the disputes and Judgment subject to approval by the Bankruptcy Court, the parties agree as follows:

### Settlement Terms

1. The LBM Parties shall pay and deliver the aggregate sum of $950,000 to Hanify & King, attorneys for Forest Street, in settlement of the Judgment.

2. Upon the entry of a Final Order (as defined herein) approving the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to Forest Street, or upon the entry of a Final Order disallowing the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to LBM.

### Additional Terms

3

3. Upon the entry of a Final Order approving this Settlement Agreement:

   a. The LBM Parties shall dismiss their appeal of the Judgment.

   b. Forest Street shall dismiss the Discharge Appeal.

   c. Any claim LBM has against 201 Forest and/or 219 Forest and any guarantors of the Forest Street obligations shall be deemed withdrawn and released.

   d. LBM shall discharge any mortgages LBM holds on the real property of Forest Street

   e. Mallegni shall be deemed to have conveyed/assigned to 219 Forest any interest he has, whether direct or indirect, in 219 Forest and/or cause Wolfpen LLC to release or convey Wolfpen's interest in 219 Forest up to the amount of Mallegni's interest in Wolfpen (i.e., one-half of Wolfpen's 40% interest in 219 Forest) ("Mallegni/Wolfpen Interest").

   f. each of the LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), on the one hand, and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and any corporation, limited liability company, or other corporate entity or trust in which David P. Depietri, Robert J. Depietri, Jr., or Kimberly Depietri hold a legal or equitable interest, directly or indirectly, , and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties"), on the other hand hereby releases the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on May ___, 2010, (iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest, beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership interest, beneficial interest or legal title.

4

## Related Parties Settlements

4. In addition to the resolution of the dispute between the LBM Parties and Forest Street, certain parties related to Forest Street have agreed to settle their claims with the LBM Parties and others. For disclosure purposes, those settlements are summarized as follows:

   a. The LBM Parties shall release and discharge, or assign to a party designated by Robert Depietri, a second mortgage granted to them by Robert Depietri and Kimberly Depietri on certain real property known and numbered as 4 North Pond Road, Worcester ("Mortgage"), and, whether or not assigned, the LBM Parties shall release all of the obligations secured by that Mortgage;

   b. Robert Depietri and Kimberly Depietri shall dismiss with prejudice all of their claims that are asserted or could have been asserted in a certain civil action pending in the United States District Court, District of Massachusetts captioned Fiorillo, et al. v. Massad, et al. (C.A. 07-40015-FDS);

   c. Robert Depietri shall dismiss with prejudice a certain civil action pending in the Superior Court Department of the Trial Court County of Middlesex captioned LBM Financial, LLC v. Evergrass, Inc. *et al.* (MICV2007-3723); and

   d. Robert Depietri, Kimberly Depietri and the LBM Parties will execute the appropriate releases, discharges and dismissals to carry out this Settlement.

## Miscellaneous

5. The term "Final Order" shall mean an order for which the time for appeal has expired and no appeal has been taken or all appeals have been concluded and the order authorizing the Settlement has been affirmed.

6. This Stipulation shall be binding upon and inure to the benefit of the parties, their successors and assigns.

7. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, without regard to the conflict of laws

principles thereof, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

8.   This Stipulation shall be subject to Bankruptcy Court approval. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile.

9.   The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

WITNESS the execution hereof in any number of counterpart copies, each of which shall be deemed an original for all purposes as of the day and year first above written.

| | |
|---|---|
| **201 FOREST STREET LLC** <br> **219 FOREST STREET LLC** | **LBM FINANCIAL, LLC** <br> **and MARCELLO MALLEGNI** |
| By their Attorneys, <br> Hanify & King, Professional Corporation | By their Attorneys, <br> Gilman, McLaughlin & Hanrahan LLP |
| /s/ Charles R. Bennett, Jr. <br> Charles R. Bennett, Jr. (BBO #037380) <br> Hanify & King, Professional Corporation <br> One Beacon Street <br> Boston, Massachusetts 02108 <br> (617) 423 0400 <br> crb@hanify.com | /s/ Robert E. McLaughlin Sr. <br> Robert E. McLaughlin Sr., Esq. ( BB0 # ) <br> Gilman, McLaughlin & Hanrahan LLP <br> 101 Merrimac Street <br> Boston, MA  02114-4719 <br> (617) 227-9999 <br> remsr@gilmac.com |

_____
Robert J. Depietri, Jr.
Individually and on behalf of any limited
liability company, corporation, or other
corporate entity, or trust in which Robert J.
Depietri, Jr. holds a legal or equitable interest,
directly or indirectly

_____
Kimberly Depietri
Individually and on behalf of any limited
liability company, corporation, or other
corporate entity, or trust in which Kimberly
Depietri holds a legal or equitable interest,
directly or indirectly

_____
David P. Depietri
Individually and on behalf of any limited
liability company, corporation, or other
corporate entity, or trust in which David P.
Depietri holds a legal or equitable interest,
directly or indirectly

C:\DOCUME~1\dej\LOCALS~1\Temp\MetaSave\DOCS-#562864-v1-
201_FOREST_REVISED_LBM_SETTLEMENT_AGREEMENT_5_11_10.DOC