## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS-WORCESTER

In re:

219 Forest Street LLC,

        Debtor

Chapter 11
Case No: 07-42296
Judge Melvin S Hoffman

---

## OBEJECTION TO MOTION TO APPROVE SETTLEMENT [304] "Motion to Approve Settlement Agreement by and Among the Debtors, LBM Financial and Marcello Mallegni" AND REQUEST FOR RESTRAINING ORDER AND ESCROW

Now comes Nicholas J Fiorillo, a party of interest and respectfully requests this court to deny the settlement agreement motion. In support thereof, Nicholas J Fiorillo "Fiorillo" has a beneficial interest in a related entity that is the subject of this settlement and has not agreed or approved such settlement. (see exhibit 1) *A)

As a condition of the 219 Settlement to be funded by LBM's main investor, David G Massad, Plaintiff Robert J Depietri, a party Plaintiff in a 100 million dollar RICO action entitled Fiorillo v Massad et al, must agree to dismiss all claims against all the defendants, specifically David G Massad, Marcello Mallegini as a condition precedent. However, as called for in the 219 settlement, Erie Ave Realty Trust, also a party Plaintiff to the RICO action, having claims of at least 3.5 million dollars against some or all of the defendants, is not solely owned by Robert J Depietri, Fiorillo has a 50% beneficial interest in said trust. (see exhibit 1"C"Coppinger e-mail)

It has become glaringly apparent to all the Plaintiff's in the RICO case that council for the Creditors, LBM Financial and Marcello Mallegini along with the Defendant's council David Rich, in the RICO action, that David G Massad is actually the "man behind the curtain". Attorney David Rich,

at the June 18th status hearing was nice enough to explain to Judge Saylor exactly what his client David

G Massad's motivation was for funding the $1,000,000 to settle the 219 Forest Street litigation and was

anxious to get this courts final approval.

However, unbeknownst to this court, there are many other condition that where placed on the

219 Forrest Street settlement not disclosed to this court until now.   David G Massad's "carrot and the

stick" offering of $1,000,000 is his attempt at thwarting justice in the RICO case. (see page 5 in the

settlement agreement) The debtor has been continually told by all adverse council that this very

settlement would not be funded by Massad unless he was free from all the RICO claims, specifically

the Erie Ave Realty Trust claims.

As it is alleged in Fiorillo v Massad et al,(see exhibit 2) and  in this  instant piece of litigation

which brings this motion today, the creditors actions where purely retaliatory against  some or all of

Plaintiff's in the RICO case for  bringing the original  claims against Massad, Mallegni, and LBM et al

for there predatory lending schemes. At the conclusion of the adversary proceeding 219 Forest Street

LLC v LBM et al , the honorable Judge Rosenthals findings found, in fact that, LBM and Mallegini

where, amongst other things, Predatory Lenders that have used unscrupulous tactics to damage its

borrowers.


WHEREFORE,

Nicholas J Fiorillo, as a party in interest and 50% beneficial interest holder of Erie Ave Realty

Trust, respectfully request this honorable court not to approve the final settlement in 219 Forest Street,

LLC v LBM Financial and order the defendant's Marcello Mallegini, LBM Financial to do following:

1.     Prevent any changes to the final settlement that would be used to thwart, block or
       circumvent final settlement to all interested parties.
2.     Order LBM and or it's affiliates to escrow the $1,000,000 in this court

3.      Restrain any adverse parties to this settlement from interfering with its outcome and

prevent and further Obstructions of Justice by some or all of the above named Defendants.

Respectfully submitted by

NICHOLAS J. FIORILLO

*/s/ Nicholas J. Fiorillo      Pro se*

49 Olde Colony Drive

Shrewsbury, MA

(508) 776-7219

Date:  July 23, 2010

I, Nicholas J. Fiorillo certify that I have served this motion on all parties not Electronically Linked to Recieve Service of this motion.

Nicholas J. Fiorillo, Pro Se

7/23/10...

## SCHEDULE OF BENEFICIAL INTEREST

## OF

## ERIE AVE. RESIDENTIAL REALTY TRUST

Date:  11/14/2005

The Beneficiaries of the  Erie Ave. Residential Realty   Trust as of this date are as follows in the following percentage of interest.

_____  50%
Robert J. Depietri

_____  50%
Nicholas J. Fiorillo

Received this 14th day of November  2005.

UNITED STATES DISTRICT COURT CLERK'S OFFICE
DISTRICT OF MASSACHUSETTS

2010 JUN 17 P 3:17

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| NICHOLAS J. FIORILLO, TRACY KROWEL, ROBERT DEPIETRI, JR., KIMBRLY DEPIETRI, SHREWBURY STREET DEVELOPMENT COMPANY and ERIE AVENUE RESIDENTIAL REALTY TRUST <br> Plaintiffs, <br><br> v. <br><br> DAVID G. MASSAD, PAMELA MASSAD, MARCELLO MALLEGNI, MICHAEL NORRIS, COMMERCE BANK AND TRUST COMPANY, GAMEWELL REALTY, INC., LBM FINANCIAL, INC., and WOLFPEN FINANCIAL, LLC, <br><br> Defendants. | C.A. No.: 07-40015-FDS |

## PLAINTIFFS MEMORANDUM IN OPPOSITION TO DAVID G. MASSAD, PAMELA MASSAD AND GAMEWELL REALTY INC.'S MOTION FOR SANCTIONS OF DISMISSALIN ACCORDANCE WITH FED.R.CIV. P37 FOR PLAINTIFFS WILLFUL AND INTENTIONAL VIOLATION OF THE COURT'S JUNE 2, 2010 DISCOVERY ORDER

On June 2, 2010 this Court (Hillman, MJ) entered a straightforward discovery order, requiring the Plaintiffs to comply with valid and proper discovery requests served in February, 2010 "within ten (10) days of the date of this Order" or before June 12, 2010. See Docket No. 171.

Defendants' counsel states in his motion, filed on June 15, 2010 that," the Plaintiffs have still not produced a single document, have not answered a single interrogatory and still have not provided a written response to the Defendants' request for production of documents."

1

On Monday, June 14, 2010 Plaintiffs delivered to Defendants' counsel's office at 28 State Street, Boston, MA, the Plaintiffs Responses to Defendants Interrogatories as well as the Plaintiffs Written Response to Defendants Request for Production of Documents and the first set of documents to the Defendant counsel's office. The Plaintiffs notified Defendants counsel that the documents were being delivered so we are surprised by the filing of this motion by counsel for the Defendants the day after these documents were delivered.

As far as the reason for the delay in responding to the Defendants' requests, the Plaintiffs offer attached Exhibits A.1 – F, as supporting evidence that the reason Plaintiffs had not yet replied to the requests from the Defendants was because the Plaintiffs believed that from March 31, 2010 through June 14, 2010 there have been ongoing settlement negotiations between the Defendants and several of the Plaintiffs, in conjunction with the resolution of Adversary Proceeding No. 07-4097.

As of May 11, 2010 a "Final Settlement Agreement", Exhibit E attached hereto, had been agreed upon by all the parties subject to some performance provisions to be provided by the Defendants. The Plaintiffs were notified on June 14, 2010 by Counsel for Defendants' LBM Financial and Marcello Mallegni that they could not honor the terms of the agreed upon settlement agreement.

That is why there has been a delay in the response to these requests by the Defendants, not because, as Defendants Counsel states in his motion, "It should be clear to the Court that the Plaintiffs have no serious interest in litigating this case or complying with their most basic and fundamental obligations associated with litigating a case."

On March 31, 2010, Defendant's LBM and Marcello Mallegni's counsel sent an email to Plaintiffs counsel, see Exhibit B, attached hereto, stating that, "We have settled LBM Financial, LLC

2

and Marcello M. Mallegni vs. 201 Forest Street and 219 Forest Street, LLC, bankruptcy appeal on

these terms:, "referring to, Adversary Proceeding No. 07-4097, which was heard before Judge Joel

Rosenthal, and resulted in a $4,000,000.00 attachment against Defendants' LBM Financial and

Marcello Mallegni.  Term No. 5 on the attached Exhibit "B" stipulated by LBM attorney Robert E.

McLaughlin, Sr. states" Bob Dipietri releases the so-called Rico case against Marcello Mallegni and

all other parties."  This "new" condition was not part of the original agreement reached at the

conclusion of the mediation hearing presided over by Judge Bowler during late 2009.

On April 5, 2010, Defendant's counsel sends another email to Plaintiffs counsel, see Exhibit C,

stating, "The source of LBM's funding for this settlement is unwilling to fund until the settlement is

truly finalized."  It was stated to the Plaintiffs by the Defendants that the source of the funding for

LBM was David Massed and that he would not provide the funding to settle Adversary Proceeding

No. 07-4097, unless the settlement of this case by certain Plaintiffs was part of the settlement.


WHEREFORE, Nicholas J. Fiorillo, Tracy Krowel, Robert J. Depietri, Jr., Kimberly Depietri,

Shrewsbury Street Development Company and Erie Avenue Residential Realty Trust

respectfully object and request that the Court deny the Defendants' motion.

3

Respectfully submitted


ROBERT J. DEPIETRI, JR.

/s/ Robert J. Depietri, Jr.

4 North Pond Road

Worcester, MA 01605

(508)889-6889

rjdepietri@aol.com


NICHOLAS J. FIORILLO

/s/ Nicholas J. Fiorillo

49 Olde Colony Drive

Shrewsbury, MA

(508) 776-7219

metrowestrealty@verizon.net

Date:  June 17, 2010


## CERTIFICATE OF SERVICE

I, Nicholas J. Fiorillo, hereby certify certify that I delivered to David H. Rich a paper copy of this filing.

Date:  June 17, 2010                    /s/ Nicholas J. Fiorillo

Nicholas J. Fiorillo


4

# EXHIBIT A.1

## SEQUENCE OF EVENTS REGARDING

## SETTLEMENT OF 201 FOREST STREET

## 219 FOREST STREET $4,000,000.00 ATTACHMENT

## AGAINST LBM FINANCIAL AND MARCELLO MALLEGNI

1. LBM/Mallegni appealed Judge Rosenthal's decision to the appeal court in Boston. The case gets assigned to Judge Tauro. Judge Tauro has the parties attend mediation hearings handled by Judge Bowler.

2. Both parties attend mediation hearings held by Judge Bowler in November/December 2009. At the conclusion of the two hearing both parties agree to a settlement of $1,100,000.00, consisting of $750,000.00 in cash and a short term mortgage of $350,000.00.

3. On February 5, 2010 Hanify & King distribute the first "Draft Settlement Agreement" (Exhibit "A") which contain the exact settlement terms agreed to by both parties at the conclusion of the mediation hearings held by Judge Bowler.

4. On March 31, 2009, Hanify & King receives an email from LBM/Mallegni attorney Robert McLaughlin, Sr., stating (see Exhibit "B" items 4 & 5) that a new condition of the settlement of the 201 Forest/219 Forest vs. LBM/Mallegni case is that "Bob Depietri releases the so-called RICO case against Marcello Mallegni and all other parties." This was a new requirement that was never discussed or agreed to by the parties at the mediation hearings held by Judge Bowler.

5. On April 5, 2010 Hanify & King receives an email from LBM/Mallegni attorney Robert McLaughlin, Sr. (Exhibit "C") stating that, "The source of LBM's funding for this settlement is unwilling to fund until the settlement is truly finalized, and no longer subject to additional demands and negotiations." It is also stated by Marcello Mallegni and his attorneys that the source of the funding is David Massad, and that he would not give LBM/Mallegni the money

for the settlement unless the RICO case was settled.

6. From April 26-30, 2010, specific language regarding the parties to be released is negotiated between the parties (see Exhibit "D").

7. On May 11, 2010 the "Final Settlement Agreement" which was agreed upon by the two parties is distributed for signature (see Exhibit "E") subject to LBM/Mallegni showing proof that they have the funds available to complete the transaction.

8. On June 14, 2010 LBM attorney Phil Coppinger advises Hanify & King that LBM/Mallegni cannot procure the funding for the settlement from David Massad. He advises that there are some internal issues going on between them and the funds will not be available to LBM/Mallegni until those issues are resolved.

9. On June 15, 2010, David Rich, David Massad's attorney files a motion for sanctions (see Exhibit "F") with the Court stating that it has not received any answers to Interrogatories and Discovery requests, despite the fact they were delivered to his office on Monday, June 14, 2010, the same day that LBM/Mallegni attorney Philip Coppinger advised Hanify & King that David Massad would not be giving LBM/Mallegeni the money for the settlement they agreed to some seven months earlier, thus wasting thousands of dollars of legal fees over the last six months negotiating a settlement agreement.

10. A hearing has been scheduled in Boston Federal Court on Wednesday, June 23, 2010 to discuss what is going on with LBM/Mallegni in regards to the settlement agreement they agreed to.

# EXHIBIT A

Draft is attached.  Call me with any questions.

D. Ethan Jeffery
Hanify & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108-3107
Phone: (617) 423-0400 x 410
Office fax: (617) 423-0498
e-mail: dej@hanify.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.


For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: )<br><br>201 FOREST STREET, LLC and )<br>219 FOREST STREET, LLC, )<br><br>Debtors. )<br>———————————————— )<br><br>201 FOREST STREET, LLC, )<br>201 FOREST STREET REALTY TRUST, )<br>219 FOREST STREET, LLC and )<br>219 FOREST STREET REALTY TRUST, )<br><br>Plaintiffs, )<br><br>v. )<br><br>LBM FINANCIAL LLC and )<br>MARCELLO MALLEGNI, )<br><br>Defendants. )<br>———————————————— ) | Chapter 11<br>Case Nos.    07-42296-JBR<br>            07-41768-JBR<br>Jointly Administered<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 07-4097 |

## SETTLEMENT AGREEMENT

Agreement made this _____ day of _____, 2010, by and among 201 Forest

Street, LLC, 219 Forest Street, LLC (respectively, "201 Forest", "219 Forest" and collectively

"Forest Street") and LBM Financial LLC ("LBM") and Marcello Mallegni ("Mallegni") to settle

various claims and disputes among them, along with a certain judgment entered in favor of

Forest Street on _____, 2009 (the "Judgment") in a certain adversary proceeding

captioned *201 Forest Street, LLC and 219 Forest Street, LLC, et al. v. LBM Financial LLC and

Marcello Mallegni* (Adversary Proceeding No. 07-4097) (the "Adversary Proceeding").  The

parties hereby stipulate and agree as follows:

WHEREAS, on _____, 2007, Forest Street commenced the Adversary Proceeding seeking, among other relief, a declaration as to the enforceability of the default rate of interest, the amounts due under certain promissory notes defined in the Adversary Proceeding as the March Note and the December Note executed by 219 Forest, the validity of the guaranty of 201 Forest Street as to the December 2001 Note, and damages, including punitive damages and attorneys' fees under General Laws Chapter 93A;

WHEREAS, on June 30, 2009, after trial, the United States Bankruptcy Court issued a Memorandum of Decision, which, among other things, declared the default rate of interest to be unenforceable as a penalty, reduced 219 Forest Street's obligations under the March and December Promissory Notes to principal plus interest at the non-default contract rate, awarded damages and punitive damages, plus attorneys' fees, to 219 Forest aggregating $2,206,337.65 before the assessment of interest, and awarded to 201 Forest Street, damages, punitive damages, and attorneys' fees aggregating $657,374.25 and voided the 201 Forest guaranty of the December Note.   In addition, the Memorandum of Decision subordinated LBM's unsecured claim to the claims of other unsecured creditors;

WHEREAS, the Memorandum of Decision held Mallegni to be jointly and severally liable with LBM and awarded judgment in favor of 219 Forest and 201 Forest against Mallegni in the aggregate sum of $2,863,711.90 plus interest and costs;

WHEREAS, LBM and Mallegni duly appealed the Judgment to the United States District Court for the District of Massachusetts (Civil Action No. 4-09-CV-40157-JLT), and in connection with that appeal, LBM and Mallegni sought a stay of the Judgment;

WHEREAS, the United States District Court directed the parties to mediation to be conducted before Magistrate Judge Bowler; and

2

WHEREAS, the parties participated in mediation before Judge Bowler on

_____, _____, and _____.

NOW, THEREFORE, in consideration of the foregoing and in order to resolve and settle the disputes and Judgment subject to approval by the Bankruptcy Court, the parties agree as follows:

### Payment and Collateral

1.      Upon the execution of this Agreement, LBM shall deposit with Hanify & King, P.C. the sum of $750,000 (the "Deposit").

2.      Upon the entry of a Final Order (as defined herein), LBM shall pay to Forest Street the aggregate sum of $1,100,000, along with any interest earned on the Deposit, to be paid as follows:

> a.      $750,000, plus interest earned therein, to be released from the Deposit held by Hanify & King, P.C. to the Debtor; and

> b.      The balance is to be paid pursuant to a promissory note with a term of one (1) year at an interest rate of prime plus 2. The form of the note shall be substantially as set forth on Exhibit A (the "Promissory Note").

3.      The Promissory Note shall be secured by a mortgage granted to Forest Street on real property of LBM to be selected by Forest Street in its sole discretion (the "Mortgage"). The Mortgage shall be substantially in the form of the mortgage annexed hereto as Exhibit B.

4.      LBM with the consent of Forest Street, which consent shall not be unreasonably withheld, may substitute collateral. Forest Street agrees to release the Mortgage on the real property of LBM upon a sale or refinancing of the property so long as the net proceeds of the sale are paid to Forest Street to be applied to any amount then due under the Promissory Note and substitute collateral acceptable to Forest Street in its sole discretion is provided by LBM.

3

5.     The Promissory Note shall be further guarantied by Mallegni, the guaranty to be substantially in the form annexed hereto as <u>Exhibit C</u> (the "Mallegni Guaranty").  The Mallegni Guaranty is to be secured by a mortgage on real property of Mallegni selected by Forest Street in its sole discretion, which mortgage shall be substantially in the form of <u>Exhibit D</u>, annexed hereto (the "Mallegni Mortgage").

6.     Mallegni with the consent of Forest Street, which consent shall not be unreasonably withheld may substitute collateral.  Forest Street agrees to release the Mallegni Mortgage upon a sale or refinancing of the property so long as the net proceeds of the sale are paid to Forest Street to be applied to the amount then due under the Promissory Note and substitute collateral acceptable to Forest Street in its sole discretion is provided by Mallegni.

<b><u>Additional Terms</u></b>

7.     Upon the entry of a final order approving this Settlement Agreement:

a.     LBM and Mallegni shall dismiss their appeal of the Judgment.

b.     LBM and Mallegni may move the Court to vacate the Judgment, and Forest Street shall not oppose the motion.  However, the allowance of the motion and the vacating of the Judgment shall not be a condition to the effectiveness of the Settlement Agreement.

c.     LBM shall release and withdraw any claim it has in the 201 Forest and 219 Forest bankruptcy proceedings.

d.     Mallegni shall convey/assign to 219 Forest any interest he has, whether direct or indirect, in 219 Forest and/or cause WolfPen LLC to release or convey WolfPen's interest in 219 Forest up to the amount of Mallegni's interest in WolfPen.

<b><u>Remedies upon Default</u></b>

8.     If LBM defaults pursuant to the terms of the promissory note, Forest Street shall be entitled to the following remedies:

4

    a.    The remedies accorded Forest Street pursuant to the terms and conditions of the Note and Mortgage; and

    b.    To recover the balance of the Judgment Amount of $2,863,711.90, less any payment received pursuant to this Settlement Agreement, plus interest accrued on the Judgment at a per annum rate of interest of 12% from the date of the commencement of the Adversary Proceeding.

9.    This Stipulation shall be binding upon and inure to the benefit of the parties, their successors and assigns.

10.    This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, without regard to the conflict of laws principles thereof, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

11.    This Stipulation shall be subject to Bankruptcy Court approval.  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile.

12.    The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

**201 FOREST STREET LLC**
**219 FOREST STREET LLC**

By their Attorneys,
Hanify & King, Professional Corporation


/s/ Charles R. Bennett, Jr.
Charles R. Bennett, Jr. (BBO #037380)
Hanify & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108
(617) 423 0400
crb@hanify.com

**LBM FINANCIAL, LLC**
**and MARCELLO MALLEGNI**

By their Attorneys,
Gilman, McLaughlin & Hanrahan LLP


/s/ Robert E. McLaughlin Sr.
Robert E. McLaughlin Sr., Esq.
Gilman, McLaughlin & Hanrahan LLP
101 Merrimac Street
Boston, MA  02114-4719
(617) 227-9999
remsr@gilmac.com


DOCS-#551603-v1-Forest_Street_-_AP_-_Settlement_Agreement.DOC

# EXHIBIT B

I am forwarding Attorney McLaughlin's email setting forth the terms of the settlement with LBM. Please confirm ASAP this is the agreement.

**From:** Diana Toppi [mailto:dtoppi@gilmac.com]
**Sent:** Wednesday, March 31, 2010 4:15 PM
**To:** Charles R. Bennett
**Cc:** pcoppinger@leamar.net; Bob McLaughlin SR.
**Subject:**

Charlie;

Out of an abundance of caution and because of your request that we "show you the money", I am confirming our just completed telephone conversation.

We have settled LBM FINANCIAL, LLC and MARCELLO M. MALLEGNI vs. 201 FOREST STREET, LLC and 219 FOREST STREET, LLC bankruptcy appeal on these terms:

1. LBM and/or Marcello Mallegni to pay to you as attorney for 201 Forest Street and 219 Forest Street the sum of $950,000 cash;

2. LBM and Marcello Mallegni release the approved creditor's claim in the amount of approximately $156,000;

3. Wolfpen to release one half of it is interest (20%) of its membership interest in 219 Forest Street;

4. Marcelo Mallegni or his business entity release the 2nd mortgage on Bob Dipietri's house;

5. Bob Dipietri releases the so-called Rico case against Marcello Mallegni and all other parties. (I am told he filed the same case in two different courts)

Confirming our previous discussions, you will not oppose the LBM / Marcello Mallegni efforts to vacate nunc pro tunc the Judge Rosenthal findings and judgment.

If I have misstated any aspect of the settlement, please get back to me immediately. There have been so many hiccups in this negotiated settlement, I am sure neither one of us wants any misunderstanding.

Bob

*Robert E. McLaughlin, Sr.*

*Gilman, McLaughlin & Hanrahan LLP*

*101 Merrimac Street*

*P.O. Box 9601*

*Boston, MA 02114-9601*

*Tel. (617) 227-9999*

*Fax (617) 227-7177*

*remsr@gilmac.com*

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.

For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

# EXHIBIT C

what is this ??? Eire Ave Trust

---

**From:** Phil Coppinger [mailto:pcoppinger@Leamar.net]
**Sent:** Monday, April 05, 2010 11:48 AM
**To:** Bob McLaughlin SR.; Charles R. Bennett
**Subject:** RE:

With respect to the "Related Parties Settlement" in paragraph 6 of the Agreement, it probably makes sense for Evergrass, Inc., to give and receive releases, and for Bob (50% beneficiary of Erie Ave. Trust) to agree to direct the trustee of the trust to dismiss, as well.

---

**From:** Bob McLaughlin SR. [mailto:remsr@gilmac.com]
**Sent:** Monday, April 05, 2010 11:27 AM
**To:** crb@hanify.com
**Cc:** Phil Coppinger
**Subject:** FW:
**Importance:** High

Charlie-


Attached please find our revisions to the settlement documents you circulated.  The revisions are, for the most part, not substantive.  With respect to your email of late Friday, all of the points you raise were assumed to be implicit, and can be made explicit, with the single exception of the request for a release of the McQuinn judgment, which is another demand for yet more value to be given by LBM.


The source of LBM's funding for this settlement is unwilling to fund until the settlement is truly finalized, and no longer subject to additional demands and negotiations.  That was the point of my request, last week, for you to confirm the the terms of the settlement in broad terms, which you did.  The introduction of yet another new issue is, again, frustrating my client's ability to secure the funds to perform under this agreement  My client cannot secure the necessary funding until the settlement is truly finalized-- that is, signed by or on behalf of your clients, and not subject to further revision.


Because the seemingly endless stream of "new issues" which are making it difficult for LBM to deal with its financing, and because of the closeness of the timing with Judge Rosenthal's retirement, I suggest that the documents be signed and filed today-- with a requirement that the settlement proceeds be paid into escrow within some short period of time-- and certainly before any hearing, and with your client's reservation of the right to withdraw the motion if the funds are not so delivered.



Bob

Robert E. McLaughlin, Sr., Esq.

Gilman, McLaughlin & Hanrahan LLP

101 Merrimac Street

P.O. Box 9601

Boston, MA 02114

617-227-9999

617-227-7177 Fax

remsr@gilmac.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.

For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

# EXHIBIT D

LBM has advised that the settlement will exclude 57 East Main and 57 East Main will be carved out of the release.I believe the Post Road ligation against Norris should also be referenced as a carve out.

Below is the release being requested. Since we are not aware of all the business dealings between Mallegni LBM and ANY and ALL the Depietri family members and entities I would request you review the release and let us know whether there are ANY OTHER claims or business dealing b/w any of you and Mallegni/LBM that will get swept up in this release that should be caved out of the release.

a.    The LBM Parties and their employees, assigns, agents and attorneys, and (ii) Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and Robert J. Depietri, Sr. and any corporate entity or trust under the direct or indirect ownership or control of David P. Depietri, Robert J. Depietri, Jr., Kimberley Depeitri, or Robert J. Depietri, Sr., and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties") shall release the other from all claims or causes of action from the beginning of time to the date of this agreement, with the sole exception of the claims raised as of the date of this agreement in *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736 and *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on April ___, 2010. This release is intended to include claims by or against any entity or trust in which any of the Depeitri Parties have a direct or indirect ownership interest, beneficial interest, or legal title.

Charles R. Bennett, Jr.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02110
Main: (617) 423-0400
Fax: (617) 423-0498
crb@hanify.com

This e-mail message and any attachments are confidential and may be privileged. If you are not the intended recipient please notify Hanify & King, P.C. immediately -- by replying to this message or by sending a message to postmaster@hanify.com -- and destroy all copies of this message and any attachments. Thank you.

For more information about Hanify & King, P.C., please visit us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the

extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

Below is the proposed release language as revised by us . Before I send to LBM I want to make sure everyone on our end is ok with the language . This is a VERY BROAD RELEASE so if there are claims or business deals that I have not excepted please advise otherwise they will be released. This is the last issue to finalize the settlement so I would request you advise ASAP and in any event before the close of business today.

The LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and Robert J. Depietri, Sr. and any corporate entity or trust under the direct or indirect ownership or control of David P. Depietri, Robert J. Depietri, Jr., or Kimberley Depietri, and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties") shall release the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on April ___, 2010, (iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest,

beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership

interest, beneficial interest or legal title.


Charles R. Bennett, Jr.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02110
Main: (617) 423-0400
Fax: (617) 423-0498
crb@hanify.com


This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.


For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

Robert Sr. will be removed from the release

---

**From:** Charles R. Bennett
**Sent:** Wednesday, April 28, 2010 8:28 AM
**To:** 'ddepietri@conversent.net'; 'RosDev1@aol.com'; 'Tom Butters<butters@buttersbrazilian.com>'
**Cc:** D. Ethan Jeffery; Harry B. Murphy
**Subject:** LBM

Below is the proposed release language as revised by us . Before I send to LBM I want to make sure everyone on our end is ok with the language . This is a VERY BROAD RELEASE so if there are claims or business deals that I have not excepted please advise otherwise they will be released. This is the last issue to finalize the settlement so I would request you advise ASAP and in any event before the close of business today.

The LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and Robert J. Depietri, Sr. and any corporate entity or trust under the direct or indirect ownership or control of David P. Depietri, Robert J. Depietri, Jr., or Kimberley Depietri, and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties") shall release the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on April ___, 2010, (iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri*

*Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest, beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership interest, beneficial interest or legal title.

Charles R. Bennett, Jr.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02110
Main: (617) 423-0400
Fax: (617) 423-0498
crb@hanify.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.

For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

Below is the proposed release with my changes; please review and advised if acceptable.

The LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and any corporate entity or trust under the direct or indirect ownership or control of David P. Depietri, Robert J. Depietri, Jr., or Kimberley Depietri, and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties") shall release the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on April ___, 2010, (iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest, beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership interest, beneficial interest or legal title.

Charles R. Bennett, Jr.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02110
Main: (617) 423-0400
Fax: (617) 423-0498
crb@hanify.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.


For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

Robert Sr has never dealt with Marcello and does not want to now. He was not the decision maker at the mediation that was Robert, Jr. Senior was at the court for part of the trial because the defendants had him listed a potential witness.

The amendment will remove the 219 201 argument and will allege negligence based on a conflict of interest

---

**From:** Phil Coppinger [mailto:pcoppinger@Leamar.net]
**Sent:** Friday, April 30, 2010 11:58 AM
**To:** Charles R. Bennett
**Cc:** Bob McLaughlin SR.
**Subject:** RE: Release

Before I respond to the changes, Charlie, I have two questions, below. Once I understand those two points, I'll confer with Bob McLaughlin before we communicate more substantive comments, if any there be.

PFC

---

**From:** Charles R. Bennett [mailto:crb@hanify.com]
**Sent:** Friday, April 30, 2010 11:34 AM
**To:** Phil Coppinger
**Cc:** D. Ethan Jeffery; Harry B. Murphy
**Subject:** Release

Below is the proposed release with my changes; please review and advised if acceptable.

The LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and any corporate entity or trust under the direct or indirect ownership or control of David P. Depietri, Robert J. Depietri, Jr., or Kimberley Depietri, and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties") Is there a reason Robert, Sr. has been excluded? It is my impression that he is a major decision-maker in this and other family business matters, which is why he was in attendance at the trial, and was the person with authority who came with you to the sessions before Judge Bowler.

shall release the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed

at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on April ___, 2010, This amendment removes the allegations and claims relating to 219/201 Forest Street, correct?

(iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest, beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership interest, beneficial interest or legal title.

Charles R. Bennett, Jr.
Hanify & King, P.C.
One Beacon Street
Boston, MA 02110
Main: (617) 423-0400
Fax: (617) 423-0498
crb@hanify.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.


For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.


For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

# EXHIBIT E

**From:** D. Ethan Jeffery [mailto:dej@hanify.com]
**Sent:** Tuesday, May 11, 2010 11:59 AM
**To:** David Depietri; RosDev1@aol.com; Robert Depietri
**Cc:** Charles R. Bennett; Harry B. Murphy
**Subject:** 201 Forest/LBM

Attached are clean and blacklined copies of the final version of the settlement agreement.  Please send me signatures for this document at your earliest convenience.  Thanks.

D. Ethan Jeffery
Hanify & King, Professional Corporation
One Beacon Street
Boston, Massachusetts 02108-3107
Phone: (617) 423-0400 x 410
Office fax: (617) 423-0498
e-mail: dej@hanify.com

This e-mail message and any attachments are confidential
and may be privileged. If you are not the intended recipient
please notify Hanify & King, P.C. immediately -- by replying
to this message or by sending a message to
postmaster@hanify.com -- and destroy all copies of this
message and any attachments. Thank you.

For more information about Hanify & King, P.C., please visit
us at http://www.hanify.com

Pursuant to IRS Circular 230, please be advised that, to the
extent this communication (and any attachments) contains
any tax advice, it is not intended to be, and cannot be used,
for purposes of avoiding penalties under the Internal Revenue Code.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case Nos.      07-42296-JBR |
| 201 FOREST STREET, LLC and ) | 07-41768-JBR |
| 219 FOREST STREET, LLC, ) | Jointly Administered |
| Debtors. ) | |

| | |
|---|---|
| 201 FOREST STREET, LLC, ) | |
| 201 FOREST STREET REALTY TRUST, ) | |
| 219 FOREST STREET, LLC and ) | |
| 219 FOREST STREET REALTY TRUST, ) | |
| ) | Adversary Proceeding |
| Plaintiffs, ) | No. 07-4097 |
| ) | |
| v. ) | |
| ) | |
| LBM FINANCIAL LLC and ) | |
| MARCELLO MALLEGNI, ) | |
| ) | |
| Defendants. ) | |

## SETTLEMENT AGREEMENT

Agreement made this _____ day of May, 2010, by and among 201 Forest Street, LLC,
219 Forest Street, LLC (respectively, "201 Forest", "219 Forest" and collectively "Forest
Street") and LBM Financial LLC ("LBM") and Marcello Mallegni ("Mallegni") (LBM and
Mallegni collectively "LBM Parties") to settle that certain Final Order entered in favor of Forest
Street on August 21, 2009 (the "Judgment") in a certain adversary proceeding captioned *201
Forest Street, LLC and 219 Forest Street, LLC, et al. v. LBM Financial LLC and Marcello
Mallegni* (Adversary Proceeding No. 07-4097) (the "Adversary Proceeding") along with other
various claims and disputes among them.  The parties hereby stipulate and agree as follows:

WHEREAS, on July 6, 2007, Forest Street commenced the Adversary Proceeding against the LBM Parties seeking, among other relief, a declaration as to the enforceability of the default rate of interest, the amounts due under certain promissory notes defined in the Adversary Proceeding as the March Note and the December Note executed by 219 Forest, the validity of the guaranty of 201 Forest Street as to the December 2001 Note, and damages, including punitive damages and attorneys' fees under General Laws Chapter 93A;

WHEREAS, on June 30, 2009, after trial, the United States Bankruptcy Court issued a Memorandum of Decision, which, among other things, declared the default rate of interest to be unenforceable as a penalty, reduced 219 Forest Street's obligations under the March and December Promissory Notes to principal plus interest at the non-default contract rate, awarded damages and punitive damages, plus attorneys' fees, to 219 Forest aggregating $2,206,337.65 before the assessment of interest, and awarded to 201 Forest Street, damages, punitive damages, and attorneys' fees aggregating $657,374.25 and voided the 201 Forest guaranty of the December Note.  In addition, the Memorandum of Decision subordinated LBM's unsecured claim to the claims of other unsecured creditors;

WHEREAS, on August 21, 2009, a Final Order was entered in favor of 219 Forest and 201 Forest against the LBM Parties jointly and severally in the aggregate sum of $2,863,711.90 plus interest and costs;

WHEREAS, the LBM Parties duly appealed the Judgment to the United States District Court for the District of Massachusetts (Civil Action No. 4-09-CV-40157-JLT), and in connection with that appeal, sought a stay of the Judgment;

WHEREAS, on January 28, 2009, Forest Street filed a Motion for Entry of an Order Discharging LBM Financial LLC's Mortgage (the "Discharge Motion");

2

WHEREAS, on April 2, 2009, the United States Bankruptcy Court allowed the Discharge Motion, and LBM appealed the Order to the Bankruptcy Appellate Panel for the First Circuit ("BAP");

WHEREAS, on February 2, 2010, the BAP reversed the allowance of the Discharge Motion, and Forest Street timely appealed to the Court of Appeals for the First Circuit ("Discharge Appeal");

WHEREAS, the United States District Court directed the parties to mediation to be conducted before Magistrate Judge Bowler, and the Parties participated in multiple mediation sessions before Magistrate Judge Bowler; and

WHEREAS, Wolfpen LLC ("Wolfpen"), an affiliate of Mallegni, asserts it holds a forty (40%) percent interest in 219 Forest and Mallegni holds fifty (50%) percent of the membership interest in Wolfpen.

NOW, THEREFORE, in consideration of the foregoing and in order to resolve and settle the disputes and Judgment subject to approval by the Bankruptcy Court, the parties agree as follows:

### Settlement Terms

1.     The LBM Parties shall pay and deliver the aggregate sum of $950,000 to Hanify & King, attorneys for Forest Street,  in settlement of the Judgment.

2.     Upon the entry of a Final Order (as defined herein) approving the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to Forest Street, or upon the entry of a Final Order disallowing the Settlement Agreement, Hanify & King shall release the Settlement Proceeds to LBM.

### Additional Terms

3

3.     Upon the entry of a Final Order approving this Settlement Agreement:

a.     The LBM Parties shall dismiss their appeal of the Judgment.

b.     Forest Street shall dismiss the Discharge Appeal.

c.     Any claim LBM has against 201 Forest and/or 219 Forest and any guarantors of the Forest Street obligations shall be deemed withdrawn and released.

d.     LBM shall discharge  any mortgages LBM holds on the real property of Forest Street

e.     Mallegni shall be deemed to have conveyed/assigned to 219 Forest any interest he has, whether direct or indirect, in 219 Forest and/or cause Wolfpen LLC to release or convey Wolfpen's interest in 219 Forest up to the amount of Mallegni's interest in Wolfpen (i.e., one-half of Wolfpen's 40% interest in 219 Forest) ("Mallegni/Wolfpen Interest").

f.     each of the LBM Parties and their employees, assigns, agents and attorneys (collectively the "LBM Parties"), on the one hand, and Forest Street, David P. Depietri, Robert J. Depietri, Jr., Kimberly Depietri, and any corporation, limited liability company, or other corporate entity or trust in which David P. Depietri, Robert J. Depietri, Jr., or Kimberly Depietri hold a legal or equitable interest, directly or indirectly, , and their employees, assigns, agents and attorneys (collectively, the "Depietri Parties"), on the other hand hereby releases the other from all claims or causes of action from the beginning of time to the date of this agreement, with the exception of the claims raised as of the date of this agreement in (i) *Mallegni v. 57 East Main Street, LLC et al.*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-03736, (ii) *57 East Main Street, LLC, et al. v. Michael Norris*, pending in Worcester Superior Court and docketed as Civil Action No. WOCV2010-00717, as amended by the Amended Complaint filed on May ___, 2010, (iii) *Depietri, Trustee of the 65 Boston Post Road Realty Trust v. Michael Norris*, pending in Middlesex Superior Court and docketed at Civil Action No. MICV2007-02893, and (iv) *Torrance Van & Storage Company v. Robert Depietri Jr., et al.*, pending in Worcester Superior Court and docketed at Civil Action No. WOCV 2008-02252. Except as excluded above, this release is intended to include claims by or against any entity or trust in which any of the Depietri Parties have a direct or indirect ownership interest, beneficial interest, or legal title and in which the LBM Parties have a direct or indirect ownership interest, beneficial interest or legal title.

4

## Related Parties Settlements

4.    In addition to the resolution of the dispute between the LBM Parties and Forest Street, certain parties related to Forest Street have agreed to settle their claims with the LBM Parties and others.  For disclosure purposes, those settlements are summarized as follows:

      a.    The LBM Parties shall release and discharge, or assign to a party designated by Robert Depietri, a second mortgage granted to them by Robert Depietri and Kimberly Depietri on certain real property known and numbered as 4 North Pond Road, Worcester ("Mortgage"), and, whether or not assigned, the LBM Parties shall release all of the obligations secured by that Mortgage;

      b.    Robert Depietri and Kimberly Depietri shall dismiss with prejudice all of their claims that are asserted or could have been asserted in a certain civil action pending in the United States District Court, District of Massachusetts captioned Fiorillo, et al. v. Massad, et al. (C.A. 07-40015-FDS);

      c.    Robert Depietri shall dismiss with prejudice a certain civil action pending in the Superior Court Department of the Trial Court County of Middlesex captioned LBM Financial, LLC v. Evergrass, Inc. *et al.* (MICV2007-3723); and

      d.    Robert Depietri, Kimberly Depietri and the LBM Parties will execute the appropriate releases, discharges and dismissals to carry out this Settlement.

## Miscellaneous

5.    The term "Final Order" shall mean an order for which the time for appeal has expired and no appeal has been taken or all appeals have been concluded and the order authorizing the Settlement has been affirmed.

6.    This Stipulation shall be binding upon and inure to the benefit of the parties, their successors and assigns.

7.    This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, without regard to the conflict of laws

5

principles thereof, and shall have the force and effect of an instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

8.      This Stipulation shall be subject to Bankruptcy Court approval.  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument.  This Stipulation may be executed by facsimile.

9.      The Bankruptcy Court shall retain jurisdiction to resolve any dispute arising under or in connection with this Stipulation.

WITNESS the execution hereof in any number of counterpart copies, each of which shall

be deemed an original for all purposes as of the day and year first above written.


**201 FOREST STREET LLC**                    **LBM FINANCIAL, LLC**
**219 FOREST STREET LLC**                    **and MARCELLO MALLEGNI**

By their Attorneys,                          By their Attorneys,
Hanify & King, Professional Corporation      Gilman, McLaughlin & Hanrahan LLP


/s/ Charles R. Bennett, Jr.                  /s/ Robert E. McLaughlin Sr.
Charles R. Bennett, Jr. (BBO #037380)        Robert E. McLaughlin Sr., Esq. ( BB0 #  )
Hanify & King, Professional Corporation      Gilman, McLaughlin & Hanrahan LLP
One Beacon Street                            101 Merrimac Street
Boston, Massachusetts 02108                  Boston, MA  02114-4719
(617) 423 0400                               (617) 227-9999
crb@hanify.com                               remsr@gilmac.com


Robert J. Depietri, Jr.                      Kimberly Depietri
Individually and on behalf of any limited    Individually and on behalf of any limited
liability company, corporation, or other     liability company, corporation, or other
corporate entity, or trust in which Robert J. corporate entity, or trust in which Kimberly
Depietri, Jr. holds a legal or equitable interest, Depietri holds a legal or equitable interest,
directly or indirectly                       directly or indirectly


David P. Depietri
Individually and on behalf of any limited
liability company, corporation, or other
corporate entity, or trust in which David P.
Depietri holds a legal or equitable interest,
directly or indirectly


C:\DOCUME~1\dej\LOCALS~1\Temp\MetaSave\DOCS-#562864-v1-
201_FOREST_REVISED_LBM_SETTLEMENT_AGREEMENT_5_11_10.DOC

7