UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re | ) Chapter 11 |
| 201 FOREST STREET, LLC, | ) Case No. 07-42296 – MSH |
| 219 FOREST STREET, LLC, | ) Case No. 07-41768 – MSH |
| Debtors. | ) Jointly Administered |

**MOTION BY DEBTOR FOR (1) CONTINUED AUTHORIZATION TO
USE CASH COLLATERAL, (2) THE GRANTING OF REPLACEMENT
LIENS, (3) THE ENTRY OF SCHEDULING ORDER REGARDING
CONTINUED USE OF CASH COLLATERAL, AND (4) ADDITIONAL RELIEF**

Pursuant to Sections 105 and 363 of Title 11 of the United States Code, Federal Rules of Bankruptcy Procedure 2002, 4001, and 9014, and MLBR 4001-2, 201 Forest Street LLC ("201 Forest"), one of the above-captioned debtors and debtors-in-possession in this jointly-administered bankruptcy proceeding, hereby moves this Court for entry of an order authorizing the continued use of Cash Collateral (as defined in the Bankruptcy Code). Pursuant to the Court's prior order, 201 Forest is currently authorized to use Cash Collateral through September 30, 2010. 201 Forest requests an extension of the authority to use of Cash Collateral through and including December 31, 2010.

201 Forest owns and operates two commercial office buildings on its real property (the "Property") located in Marlborough, Massachusetts. The relief requested in this motion is necessary to permit 201 Forest to continue its usual operations and to preserve the value of its Property and bankruptcy estate.

201 Forest and 219 Forest, LLC ("219 Forest", and collectively with 201 Forest the "Debtors") have completed a trial against LBM Financial, LLC ("LBM") contesting LBM's claims and liens against the Debtors (the "LBM Adversary"). In the LBM Adversary, the

Debtors both objected to LBM's claims and sought an affirmative recovery against LBM. On August 21, 2009, the Court entered final judgment (the "Judgment") in favor of the Debtors and against LBM and its principal, Marcello Mallegni. LBM appealed the Judgment. On August 19, 2010, the Court approved a settlement between the Debtors and LBM (the "LBM Settlement") pursuant to which, among other things, the Debtors and LBM released each other. LBM therefore no longer has a claim against the Debtors or any liens against the Debtors' property.

The mortgage against the Property is held by ING USA Annuity and Life Insurance Company ("ING").[1] ING's interest in the Property will continue to be adequately protected by the proposed payments and replacement liens described in this motion. As the budget attached as <u>Exhibit A</u> (the "Budget") demonstrates, 201 Forest has sufficient cash flow to pay its expenses through December 31, 2010.

The Debtors have filed a joint plan of reorganization (the "Plan") along with an accompanying disclosure statement. A hearing to consider the approval of the Debtors' disclosure statement has not been scheduled. The Debtors are amending the Plan and its accompanying disclosure statement with respect to the settlement of the Judgment and its effect on the restructuring of the Debtors' finances, and will file the amended Plan and an accompanying disclosure statement same as soon as practicable.

In further support of this motion, 201 Forest states as follows:

---

[1] ING is the successor to ninety-five percent (95%) of the interest originally held by the Liberty Life Insurance Company f/k/a Business Men's Assurance Company of America ("Liberty") pursuant to its financing arrangements with the Debtor. The remaining five percent (5%) continues to be held by Liberty. For the purposes of this motion, Liberty and ING are collectively referred to as "ING."

2

## I. FACTUAL BACKGROUND

### A. 201 Forest's Business Operations

1. On June 19, 2007 (the "Petition Date"), 201 Forest filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts (the "Court") and continues to operate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. 201 Forest is a Massachusetts limited liability company with four members. 201 Forest's sole asset is the Property which is improved by two commercial buildings with approximately 79,000 rentable square feet in the aggregate, which 201 Forest leases to various commercial entities. The Property is managed by Rosewood Management Associates, Inc. ("Rosewood"), an affiliate of 201 Forest.

3. On May 9, 2007, 219 Forest, also an affiliate of 201 Forest, filed a voluntary petition for relief under Chapter 11 of the Code.

### B. Claims Against 201 Forest[2]

4. On or about August 23, 1998, 201 Forest entered into a loan arrangement with ING's predecessor (the "ING Loan") in the original principal amount of $5,600,000. 201 Forest executed a mortgage and an assignment of leases and rents to secure its obligations to ING.

5. 201 Forest currently owes ING approximately $4,200,000. 201 Forest is current on its monthly payments due under the ING Loan. The ING Loan will mature on December 1, 2010.

6. Pursuant to the LBM Settlement, LBM has neither a claim against 201 Forest nor a lien against the Property.

---

[2] 201 Forest has not determined the extent, priority or validity of any of the liens asserted against the Property, and reserves the right to challenge any liens on any grounds.

3

7. As of the Petition Date, 201 Forest did not owe any real estate taxes with respect to the Property. 201 Forest's monthly payment to ING includes a real estate tax escrow.

8. As of the Petition Date, 201 Forest owed approximately $8,005.01 to non-priority unsecured creditors. Of this amount, approximately $6,695.00 is owed to insiders.

C. **The Bankruptcy Cases**

9. This bankruptcy proceeding was necessary in order to stay a pending foreclosure sale by LBM. Had 201 Forest not filed this bankruptcy proceeding, it would have lost the opportunity to reorganize its affairs.

10. The Debtors have, with the approval of this Court, consummated a sale of the real property owned by 219 Forest.

11. The Debtors filed the Plan and the accompanying disclosure statement on August 27, 2007, within the exclusive periods during which the Debtors may file plans of reorganization. The Debtors also filed a motion to approve the Disclosure Statement.

12. 201 Forest is seeking refinancing for the ING Loan, a process that has been delayed by the current global financial problems and the constriction of the credit markets.

II. **REQUESTED USE OF CASH COLLATERAL AND OFFER OF ADEQUATE PROTECTION**

A. **Use of Cash Collateral**

13. The Budget sets forth 201 Forest's estimated receipts and disbursements for the period from October 1, 2010 through December 31, 2010 (the "Budget Period").

14. 201 Forest requests the authority to utilize, in accordance with the Budget, cash on hand and rents generated by its operations to fund its operations during the Budget Period.

15. The Property is insured and the Budget provides for the payment of real estate taxes.

16. The line item for administrative expenses is the amount due to Rosewood, an affiliate of 201 Forest, pursuant to its management contract with 201 Forest. Rosewood's management fee is equal to six percent (6%) of gross rental income plus the reimbursement of salaries and benefits for maintenance personnel, the property manager, the administrative assistant and the property accountant associated with the Property. Rosewood's management fee is paid monthly and is consistent with the market rate for administrative services for commercial office buildings in 201 Forest's location and industry.

17. Other than Rosewood's management fee, no other expenses on the Budget will be paid to an affiliate or insider of 201 Forest.

18. The line item for "3C Electrical Co." relates to a settlement in principal between 201 Forest and 3C Electrical Co., Inc. ("3C") with respect to claims 3C has asserted against 201 Forest. 201 Forest and 3C are in the process of documenting their settlement, which is subject to the Court's approval, and will file the papers requesting such approval as soon as practicable. Any payments made on account of the proposed settlement will be held by counsel for 3C pending the Court's consideration of the proposed settlement.

19. Approval of the use of the Cash Collateral on the terms identified in this motion is in the best interests of 201 Forest, its estate and its creditors. The use of the Cash Collateral will enable 201 Forest to pay post-petition obligations, maintain the continuity of management and preserve the integrity of the Property while it reorganizes its business.

20. Absent the use of the Cash Collateral, 201 Forest would be required to cease operations resulting, to the detriment of 201 Forest, its estate, and its creditors, in the loss of tenants and the considerable devaluation of the Property.

21. 201 Forest requests the approval of the use of Cash Collateral described in this motion without prejudice to its right to seek the further use of Cash Collateral at the conclusion of the Budget Period.

### B. Adequate Protection

22. Section 363(e) of the Bankruptcy Code provides that a party with an interest in property proposed to be used, sold or leased by the debtor may receive adequate protection of such interest before the debtor may use, sell or lease such property. 11 U.S.C. § 363(e).

23. What constitutes adequate protection varies with the facts and circumstances of each particular case. The entitlement to and measure of the protection required is always determined by the extent of the anticipated or actual decrease, if any, in the value of the secured creditor's collateral during course of the bankruptcy case. *See In re First South Savings Assoc.*, 820 F.2d 700, 710 (5th Cir.1987).

24. Adequate protection requires only that the value of the creditor's interest in the cash collateral be protected from diminution while the Debtors are using the cash collateral. *United Savings Association of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365 (1988). Said another way, it is "intended by the Bankruptcy Code only to assure that a secured creditor, during the pendency of a bankruptcy case, does not suffer a loss in the value of its interest in property of the bankruptcy estate." *In re Markos Gurnee Partnership*, 252 B.R. 712, 716 (Bankr.N.D.Ill.1997).

25. In order to provide ING with adequate protection on account of the use of the Cash Collateral, 201 Forest proposes to continue to make monthly payments to ING pursuant to the terms of the ING Loan documents. 201 Forest's monthly payment to ING, net of the monthly real estate tax escrow, is approximately $40,929. Pursuant to the ING loan documents,

201 Forest pays the real estate taxes on the Property into escrow with ING. Although the Budget lists the real estate tax payments separately from the amounts proposed to be paid to ING, 201 Forest proposes to continue to fund the real estate tax escrow in accordance with the ING loan documents. The Budget demonstrates that there is sufficient cash to simultaneously make these payments and to continue to fund 201 Forest's ordinary course operations.

26.    201 Forest also proposes to grant ING replacement liens (the "Replacement Liens") on the same types of post-petition property of the estate (the "Postpetition Collateral") against which ING held liens as of the Petition Date (the "Pre-Petition Collateral"). The Replacement Liens shall maintain the same priority, validity and enforceability as ING's pre-petition liens and shall be recognized only to the extent of the diminution in value of ING's Pre-Petition Collateral after the Petition Date resulting from 201 Forest's use of the Cash Collateral during the bankruptcy case.

27.    Section 361 of the Bankruptcy Code provides that when adequate protection is required under Section 363 of the Code, such adequate protection may be provided by, *inter alia*, "providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property." 11 U.S.C. § 361(2).

28.    Since 201 Forest's rents continue to accrue, granting the Replacement Liens suffices as adequate protection entitling 201 Forest to use cash on hand and rents as authorized by the Court. "This is because the lien on each month's rents replaces the lien on the prior month's rents, so there is a replacement lien of equal value under Section 361 of the Bankruptcy Code. Therefore, as long as the debtor generates a continuous income stream, the debtor's use of the rental income does not diminish the value of the collateral. The rationale is that the protected

7

cash proceeds are being used to generate new collateral which will be of at least equivalent value of those replaced." *In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 981 (Bankr. M.D. Fla. 1997) (citations omitted); *see also, e.g., In re Mullen*, 172 B.R. 473, 477-78 (Bankr. D. Mass. 1994) ("Assuming the debtor is operating at no less than a break even, the new collateral and proceeds will be of at least equivalent value of those they replace. The same is true of each month's rents received by the Debtor.").

29. Because the Budget demonstrates that the Property will generate positive cash flow, ING's interests in the rents will, in fact, be enhanced through the use of the Cash Collateral. The Cash Collateral will be used by 201 Forest to operate and maintain the Property consistent with its prior practice. 201 Forest's use of the rental income to operate and maintain the property constitutes additional adequate protection. *See In re McCann,* 140 B.R. 926, 929 (Bankr. D. Mass. 1992); *In re Prichard Plaza, L.P.*, 84 B.R. 298 (Bankr. D. Mass.1988).

30. The expenses listed in the Budget are the ordinary course of business expenses necessary to maintain the operation of the buildings on the Property and, therefore, to preserve the value of 201 Forest's assets.

31. Based upon the payments and the granting of the Replacement Liens to ING, ING is more than adequately protected for 201 Forest's proposed use of the Cash Collateral during the Budget Period.

### III.    NOTICE

32. 201 Forest has served this motion on all creditors and parties who have filed a request for notice in this proceeding.

**WHEREFORE**, 201 Forest respectfully requests that this Court enter an Order, substantially in the form attached as Exhibit B:

A. Approving the notice of this motion described above; and

B. Authorizing 201 Forest to use Cash Collateral through December 31, 2010 in accordance with the terms of this motion and the Budget;

C. Authorizing 201 Forest to continue to make payments to ING in accordance with the terms of this motion and the Budget;

D. Granting ING replacement liens in accordance with the terms of this motion;

E. Scheduling a hearing on the continued use of Cash Collateral; and

F. Granting such other relief as is just and proper.

Respectfully Submitted,

201 FOREST STREET, LLC
By its counsel,


 /s/ D. Ethan Jeffery
Harold B. Murphy (BBO #362610)
D. Ethan Jeffery (BBO #631941)
HANIFY & KING, P.C.
One Beacon Street
Boston, MA 02108-3107
Tel: (617) 423-0400
Fax: (617) 556-8985

Date: September 20, 2010

576080

9